# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| ROBERT HOOT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:13-cv-02142-LDG-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| NYE COUNTY, NEVADA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on Plaintiff's Motion to Serve Defendant Kenneth Nagy ("Nagy") by Publication (#18), filed on February 5, 2014. The time to oppose the instant Motion has expired, and no opposition has been filed.

Plaintiff initiated this action under 42 U.S.C. § 1983 alleging he was wrongfully arrested by Nagy, who, Plaintiff asserts, was at the time of the incident a deputy of the Nye County Sheriff's Department ("NCSD"). The other defendants in this matter have been served, but Plaintiff represents Nagy is no longer employed with the NCSD and cannot be located for the purposes of service. The service deadline in this case is currently March 19, 2014. Plaintiff now moves for leave to serve Nagy by publication.

Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." Under Nevada Rule of Civil Procedure ("NRCP") 4, parties are required to personally serve summons and the complaint upon defendants. When personal service proves impossible, however, NRCP 4(e)(1)(i) provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals

himself to avoid the service of summons." Publication should be made in a newspaper published in the state of Nevada for a period of four weeks, at least once a week. NRCP 4(e)(1)(iii). Ordinarily, in Nevada, such notice is published in Nevada Legal News. *See, e.g., McNair v. Rivera*, 874 P.2d 1240, 1242 (Nev. 1994). When service of the summons is made by publication, the summons shall, in addition to any special statutory requirements, also contain a brief statement of the object of the action. NRCP 4(b).

A party moving for service by publication must seek leave of court by filing an affidavit demonstrating he diligently attempted to personally serve the defendant. There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendants at their residence and other methods of locating defendants, such as consulting public directories and family members. *See Price v. Dunn,* 106 Nev. 100, 103, 787 P.2d 785, 786-7 (1990); *Abreu v. Gilmer*, 115 Nev. 308, 311, 985 P.2d 746, 747 (1999); *McNair v. Rivera*, 110 Nev. 463, 454, 874 P.2d 1240, 1241 (1994).

Here, the Court finds that Plaintiff has diligently attempted to personally serve Nagy. In his affidavit, Plaintiff represents he located a residence owned by Nagy in Pahrump, Nevada, but discovered that it is unoccupied. Plaintiff also represents he contacted several relatives and acquaintances of Nagy, all of whom declined to disclose Nagy's current whereabouts. Finally, Plaintiff represents he mailed a copy of the complaint and summons along with a form for waiver of personal service to Nagy's Pahrump, Nevada address, but that the letter was returned with a stamp indicating "no forwarding address." Therefore, the Court will permit Plaintiff to serve Nagy by publication. Because the instant Motion was timely filed and service by publication by necessity takes at least four weeks, the Court will also extend the service deadline. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Service by Publication (#18) is **granted**. Plaintiff shall be permitted to serve Defendant Kenneth Nagy by publication as follows:

(1)   Plaintiff shall publish a copy of the summons and complaint in this matter, along with a brief statement of the object of the action, in Nevada Legal News, once a week for four weeks.

...

2

(2)     Service shall be deemed complete at the expiration of four weeks from the first publication.

(3)     When service by publication has been effectuated, Plaintiff shall file a certificate of service as to Defendant Kenneth Nagy.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **April 9, 2014** to file proof of service as to Defendant Kenneth Nagy.

DATED this 27th day of February, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge